UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER D. LABUGA, JR., | CIV-F-07-1807 AWI GSA |
| Plaintiff, | ORDER RE: MOTION TO DISMISS |
| v. | |
| DARLING INTERNATIONAL, INC.; UCFW 8 GOLDEN STATE; and; DOES 1-100, | |
| Defendants. | |

## I. History[1]

Plaintiff Anthony D. Labuga, Jr. was an employee of Defendant Darling International, Inc. ("Darling") starting in 1991. Plaintiff was represented by Defendant United Food and Commercial Workers 8 Golden State ("UFCW") under a collective bargaining agreement. On April 9, 2007, Plaintiff called in sick after being in a car accident. On May 23, 2007, Plaintiff was fired after returning late from a lunch break.

Plaintiff filed a complaint with the Equal Employment Opportunities Commission ("EEOC") on August 17, 2007 alleging he was fired due to his Filipino ethnic background. The

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

1  complaint was referred to California's Department of Fair Employment and Housing ("DFEH"),
2  which issued a right to sue letter on August 22, 2007.  No right to sue letter has been issued by
3  the EEOC.
4        Plaintiff filed suit in federal district court on December 12, 2007, alleging (1) breach of
5  contract; (2) breach of the duty of fair representation; (3) violation of Title VII; and (4) violation
6  of Cal. Bus. & Prof. Code §17200 et seq. Doc. 2.  UFCW filed an answer and Darling filed the
7  present motion to dismiss the third cause of action for failure to exhaust administrative remedies.
8  Docs. 7 and 8.  Plaintiff opposes the motion and the matter was taken under submission without
9  oral argument.
10
11  **II. Legal Standards**
12        Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the
13  plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule
14  12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient
15  facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.
16  2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
17  factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'
18  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
19  of action will not do. Factual allegations must be enough to raise a right to relief above the
20  speculative level, on the assumption that all the allegations in the complaint are true (even if
21  doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007), citations
22  omitted.  The court is not required "to accept as true allegations that are merely conclusory,
23  unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors,
24  266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace
25  those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497
26  U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other
27  grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of
28  "facts that could be proved consistent with the allegations of the complaint" that would entitle

plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

Darling argues that Plaintiff's Title VII claim must be dismissed as he has not exhausted his administrative remedies. Specifically, Plaintiff "alleges no facts and submits no documents to show he has complied with administrative remedies and received a right-to-sue letter. Doc. 8, Part 2, Darling's Brief, at 2:26-28. As an initial matter, the question is not one of subject matter jurisdiction. While "the failure to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel and equitable tolling....substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite....where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, we have held that the district court does not have subject matter jurisdiction." Sommatino v. United States, 255 F.3d 704, 708-9 (9th Cir. 2001), citations omitted, emphasis in original. Plaintiff has produced documentation showing that he filed a complaint with the EEOC. Doc. 10, Ex. A, August 22, 2007 EEOC letter. Thus, the issue is examined under Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim rather than Fed. R. Civ. Proc. 12(b)(1).

In the complaint, Plaintiff fails to mention any filings with the EEOC. In briefing, Plaintiff admits that he has not received a right to sue letter from the EEOC, claiming "Plaintiff's complaint filed with the EEOC on or about August 17, 2007, has not yet been processed." Doc. 10, Plaintiff's Opposition, at 2:20-21. Plaintiff instead appears to argue that the right to sue letter from the DFEH constitutes sufficient exhaustion of administrative remedies. See Doc. 10, Plaintiff's Opposition, at 3:7-9. That assertion is incorrect. "Title VII explicitly outlines a time period for a claimant to file with the EEOC, even if he has already filed with a state agency. 42 U.S.C. 2000e-5(e)(1). This requirement implies that a right-to-sue notice from a state agency is not interchangeable with a right-to-sue notice from the EEOC, and a claimant must obtain a notice from the EEOC in order to present federal discrimination claims." Shek v. Stanford Univ. Med. Ctr., 2007 U.S. Dist. LEXIS 61370, *6-7 (N.D. Cal. 2007).

The relevant federal statute states, "If a charge filed with the Commission pursuant to

subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, *shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought* against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice." 42 U.S.C. §2000e-5(f)(1), emphasis added.  "[W]hen faced with a situation where the EEOC has failed to issue the letter even though the 180-day deadline has expired, courts have allowed a plaintiff to maintain a Title VII action provided that she can show that she is entitled to the right-to-sue letter and has requested it." Johnson-Medland v. Bethanna, 1996 U.S. Dist. LEXIS 15748, *19 (E.D. Pa. 1996), citations omitted.

     Plaintiff argues "The EEOC has not yet begun to investigate this matter....[EEOC representative] on the afternoon of Feb. 11, 2008...informed Mr. Burnside that the case file was pending due to shortage of staff and that the investigation in the matter remains pending...[EEOC representative] on the afternoon of Feb. 14, 2008...informed Mr. Burnside that the case is not yet assigned to an investigator." Doc. 10, at 2:10-26.  With respect to a motion to dismiss, the court generally bases the analysis solely on the complaint.  Even considering Plaintiff's representations, the court can not ascertain that Plaintiff waited 180 days, was entitled to a right to sue letter, and formally asked for it.  Dismissal of the claim without prejudice is appropriate in this circumstance.  As a practical matter, "the subsequent issuance of the 'right to sue' letters cured any jurisdictional defects" in a case where suit was initiated prior to receipt of any right to sue from the EEOC. Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346, 1351 (9th Cir. 1984), citations omitted.

### IV. Order

Plaintiff's third cause of action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:  **June 19, 2008**              /s/ Anthony W. Ishii
                                              UNITED STATES CHIEF DISTRICT JUDGE